## Commonwealth v. Scarborough

*Jesse L. Crabbs*, for Commonwealth.

*Norman T. Petow*, for defendant.

ATKINS, J., January 5, 1959. — Defendant was charged with violation of section 820.1 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §407.1, which requires: "Every commercial motor ve-

hicle and every combination of a commercial motor vehicle and trailer, or of a truck tractor and semitrailer, when used on a highway, shall be so constructed or equipped as to bar water or other road surface substances thrown from the rear wheels of such vehicle or combination at tangents exceeding twenty-two and one-half degrees, measured from the road surface, from passing in a straight line to the rear of such vehicle or combination." This equipment has come to be commonly referred to as mud flaps.

The facts of the case are undisputed. Defendant was operating a truck-tractor on the highway without this equipment being attached. There was no trailer or any other vehicle attached to the tractor. Consequently, it is not covered by the provisions of this section referring to a truck-tractor or semitrailer or a combination of vehicles. If the act committed by defendant is to be construed as a violation of this section, we must hold that a truck-tractor is a commercial motor vehicle.

The legislature has defined a commercial motor vehicle in section 102 of the Act of 1929, supra, 75 PS §2, as follows:

"Any motor vehicle designed for carrying freight or merchandise: Provided, however, That a motor vehicle, originally designed for passenger transportation, to which has been added a removable box body without materially altering said motor vehicle, when owned and used by a farmer, shall not be deemed a 'commercial motor vehicle' for the purpose of this act: And further provided, That any motor vehicle of the bus type, operated under contract with or owned by any school district, private school or parochial school of this Commonwealth for the transportation of school children or children between their homes and Sunday school, shall be deemed a 'commercial motor vehicle'."

In the same section a truck-tractor is defined as:

"Every motor vehicle designed and used primarily for drawing other vehicles, and not so constructed as to carry a load, other than a part of the weight of the vehicle and load so drawn."

The section under which this prosecution is brought is a penal section and therefore must be strictly construed: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 58, 46 PS §558. It is apparent from the definitions quoted above that when the legislature referred to a commercial motor vehicle it had something in mind different from a truck-tractor. This is further indicated in the licensing or registration fee provisions of the code. In sections 703 and 704 reference is made to commercial motor vehicles and truck-tractors which again indicates that the legislature considered truck-tractors to be something other than commercial motor vehicles.

We have found no reported case construing section 820.1 under facts similar to those presented in this case. However, our attention has been called by counsel to a case decided by Judge Kaufman of Allegheny County, in an opinion handed down October 5, 1957, wherein he also reached the conclusion that a truck-tractor was not a commercial motor vehicle as defined in The Vehicle Code.

Since this is a penal provision, we must construe it strictly and, under the circumstances, we hold that the legislature has not included truck-tractors, when being operated without any other vehicles attached thereto, within the definition of commercial motor vehicle, and we therefore hold that defendant is not guilty under the evidence presented.

And now, to wit, January 5, 1959, at 10 a.m., upon consideration of all the testimony, it is ordered, adjudged and decreed that defendant is not guilty, and the County of York is directed to pay the costs of prosecution.